Mr. Justice Grier
delivered the opinion of the court:
The act of Congress of March 3,1797, (chap. 13,) made perpetual by act of February 11, 1800, confers authority on the Secretary of the Treasury “ to mitigate or remit any fine, forfeiture, or penalty incurred by any vessel, goods, or wares, by force of the laws for laying, levying, or collecting any duties or taxes which, in Ms opinion, shall have been incurred without wilful negligence, or any intention of fraud in the per son or persons incurring the same.”
The purpose of penalties inflicted upon persons who attempt to defraud the revenue, is to enforce the collection of duties and taxes. They act in terrorem upon parties whose conscientious scruples are not sufficient to balance their hopes of profit. The offer of a portion of such penalties to the collectors is to stimulate and reward their zeal and industry in detecting fraudulent attempts to evade the payment of duties and taxes.
The 179th section of the act “to provide internal revenue,” &c., passed June 3, 1884, gives authority to collectors to prosecute for the recovery of fines, penalties, and forfeitures in the name of the United States. It confers the right to one moiety of them upon “ the collector, or deputy collector,” who shall first “ inform of the cause, matter, or thing whereby such penalty may have been incurred.”
The amendment to this section in the act of March 3,1865, *45 (chap. 78,) gives ibis to any person who shall first inform, and adds that when “the penalty is paid without suit or before judgment, and a moiety is claimed by any person as informer, the Secretary of the Treasury shall determine whether any claimant is entitled to such moiety, and to whom it shall be paid.”
As the great object of the act is to collect the tax, the Secretary of the Treasury has no power to remit it. When the primary object of collecting the tax is obtained, as in the present case, the further infliction of penalties is submitted entirely to the discretion of the Secretary. No discretion is given to the courts to act in the case further than to give their judgment; and if the penalties are not mitigated or remitted by the Secretary, either before or after judgment, to enforce them by proper process.
The subject has been carefully examined by this court in the case of United States v. Morris, (10 Wheat., 246, 287,) where it is decided !< that the Secretary of the Treasury has authority, under the remission act of March 3, 1797, to remit a forfeiture or penalty accruing under the revenue laws at any time, before or after judgment, for the penalty until the money is actually paid over to the collector,” and that “ such remission extends to the shares of the forfeiture or penalty to which the officers of the customs are entitled, as well as to the interests of the United States.”
The court say that “ it is not denied but that the customhouse officers have an inchoate interest upon the seizure; and it is admitted that this may be defeated by a remission at any time before condemnation. If their interest before condemnation is conditional, and subject to the power of remission, the judgment of condemnation can have no other effect than to fix and determine that interest as against the claimant. These officers, although they may be considered parties in interest, are not parties on the record, and it cannot be said, with propriety, that they have a vested right in the sense in which the law considers such rights. Their interest is still conditional, and the condemnation only ascertains and determines the fact on which the right is consummated, should no remission take place.” The right does not become fixed until the receipt of the money by the collector.
If these well-settled principles be applied to the case before us, its solution is easy.
*46 It was the first duty of the collector to collect the amount of duties or taxes on the property seized. The Secretary had no right to mitigate, remit, or compromise that amount. Persons who had advanced money on the property in good faith offer the whole amount of the tax due, and finally agree to pay the sum of $25,000 to have the penalties remitted. This offer was accepted, and the further prosecution of the suits was consequently ended.
The power intrusted by law to the Secretary was not a judicial one, but one of mercy, to mitigate the severity of the law. It admitted of no appeal to the Court of Claims, or to any other court. It was the exercise of his discretion in a matter intrusted to him alone, and from which there could be no appeal. Even if we were called upon to review the acts of the Secretary, we see no reason to doubt their correctness, or that of the judgment of the Court of Claims in dismissing the case.
Decree affirmed.
The Chief Justice and Mr. Justice Nedson dissented.